IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:06cv656 |
| ) | Electronic Filing |
| RICHARD W. EPSTEIN, ESQ., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 4th day of September, 2007, after the plaintiff, the United States of America, filed an action in the above-captioned case, and after a motion for summary judgment was submitted by the plaintiff, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties ten days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by the defendant, Richard W. Epstein, and the response to the Report and Recommendation filed by the plaintiff containing its proposed interest calculations, and upon independent review of the motion and the record, and upon consideration of the Magistrate Judge's Report and Recommendation (Document No. 33),

IT IS ORDERED that plaintiff's Motion for Summary Judgment (Document No. 25) be, and the same hereby is, GRANTED. The Report and Recommendation as augmented herein is adopted as the opinion of the court.

Defendant's objections are without merit. First, the government's ability to stop making worker's compensation payments to the beneficiary and/or its ability to "attack" the future structured payments to the beneficiary do not reflect undertakings by defendant to "assure" the satisfaction of the government's interest; they reflect methods of self-help that remained potentially available to the government in spite of defendant's failure to fulfill the affirmative duty of action that the phrase "without first satisfying or assuring satisfaction of the interest of the United States" placed on him.

Second, defendant did make a distribution of the settlement proceeds to the beneficiary. Payment of attorneys fees from any contingent-fee litigation recovery is the satisfaction of the beneficiary's legal obligation to the attorney from a prior assignment. C.I.R. v. Banks, 543 U.S. 426, 437 (2005). A recovery from litigation is the realization of economic gain by the agent on behalf of the principal "and the gain realized by the agent's efforts is income to the principal." Id. "The contigent-fee lawyer is not a joint owner of his client's claim in the legal sense any more than the commission salesman is a joint owner of his accounts receivable." Id. (citation omitted). Thus, the payment to defendant off the top did reflect a distribution of the proceeds to the beneficiary's designee and this distribution was made "without first satisfying or assuring satisfaction of the interest of the United States," in direct contravention of the FECA. See 5 U.S.C. § 8132 ( "*No* court, insurer, *attorney*, or other person *shall* pay or *distribute to* the beneficiary or *his designee* the proceeds of such suit or settlement without first satisfying or assuring satisfaction of the interest of the United States.") (emphasis added).[1]

The record indicates defendant made a distribution from a third-party settlement on behalf of the beneficiary without first satisfying or assuring the satisfaction of the interest of the United States. Defendant's arguments and contentions to the contrary are without merit. It follows that the United States' motion for summary judgment must be granted.

*signature*

David Stewart Cercone
United States District Judge

---

[1] Defendant's contention that the statute is ambiguous because "the attorney is separately identified in the text of the statute" is unavailing. No aspect of the section 8132 even remotely suggests that payment of a contingent fee obligation is not to be construed as payment to the beneficiary's designee. And it is well settled that where the words chosen by Congress are clear and unambiguous, they are to be given their plain and ordinary meaning.

cc:    Honorable Robert C. Mitchell
United States Magistrate Judge

Paul E. Skirtich, AUSA
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

John E. Quinn, Esquire
Melissa B. Catello, Esquire
Portnoy & Quinn
One Oxford Centre
36th Floor
Pittsburgh, PA 15219

Frank A. Natale, II, Esquire
2616 Wilmington Road
Suite F
New Castle, PA 16105